IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEVIN BLAKE | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 2:10-cv-3453 |
| | § | |
| SPECIALTY OFFSHORE, INC., | § | |
| SPECIALTY RENTALS, INC. and | § | |
| SPECIALITY RENTALS INC. | § | SECTION " " |
| OF DELAWARE | § | |
| | § | |
| Defendants. | § | MAGISTRATE ( ) |

## **COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEVIN BLAKE, hereinafter referred to as Plaintiff, complaining of SPECIALTY RENTALS, INC. and SPECIALTY RENTALS, INC. OF DELAWARE, hereinafter referred to as Defendants, and for cause of action would respectfully show as follows:

### A. Parties

1. Plaintiff, DEVIN BLAKE, is an individual who resides in Ft. Worth, Texas.

2. Defendant, SPECIALTY OFFSHORE, INC. is an active Louisiana corporation currently doing business in the State of Louisiana, and may be served by serving its registered agent, Louis Phillips, One America Place, 301 Main Street, Suite 1600, Baton Rouge, Louisiana 70801-1600.

3. Defendant, SPECIALTY RENTALS, INC. is a defunct Louisiana corporation ~~currently doing business in the State of Louisiana, and may be served by serving its registered~~ agent, Raymond A. Pelleteri, 400 Poydras Street # 1980, New Orleans, Louisiana 70130.

4. Defendant, SPECIALTY RENTALS, INC. OF DELAWARE, is a Delaware

Page | 1

corporation registered and doing business in the State of Louisiana, and may be served by serving its registered agent, Deborah Wallace, 24358 Gliderport Rd., Loranger, Louisiana, 70446.

### B. Venue

5. Based on the foregoing, venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b)(1) & (2).

### C. Jurisdiction

6. The Court has jurisdiction of the subject matter of this lawsuit. Plaintiff is a seaman and brings this action pursuant to Title 46 U.S.C. 30104, *et. seq.* and pursuant to general maritime laws of the United States. Plaintiff requests a jury. This case is not filed in admiralty.

7. The Court has jurisdiction over the parties to this lawsuit. Specifically, Defendants are citizens of the State of Louisiana by virtue of their residence and/or location of their principal places of business.

### D. Factual Summary

8. Plaintiff would show that this lawsuit has become necessary as a result of a incident which occurred on or about August 21, 2010 in Harvey, Louisiana. Plaintiff sustained severe and permanent personal injuries when he slipped down a set of stairs on the vessel *Specialty Diver I,* on which he was employed as an ordinary seaman by Defendants. At all times relevant, the *Specialty Diver I* was owned and/or operated by Defendants.

9. On or about August 21, 2010, Plaintiff was employed by Defendants, was in the course and scope of this employment, was a seaman, and a member of the *Specialty Diver I* crew.

### E. Causes of Action

**Negligence**

10. At all relevant times, Plaintiff was in the course and scope of his employment with the Defendants. The actions and/or inactions of the Defendants and/or their officers, agents and/or employees constitute negligence. The negligence of the Defendants was a proximate and/or producing cause of Plaintiff's injuries and damages. Plaintiff will show that the accident was proximately caused by the actions and/or inactions of Defendants and/or their officers, agents and/or employees in the following respects:

> a. In failing to repair the worn and slippery stairs in question;
>
> b. In failing apply skid proof tape or paint to the stairs;
>
> c. In failing to install handrails which could be used safely;
>
> e. In failing to increase the depth of the tread;
>
> f. In failing to replace the stairs with stairs that have less than a 50 degree angle;
>
> g. In failing to replace the stairs with a vertical ladder;
>
> h. In failing to provide stairs with consistent tread depths and riser heights;
>
> i. In failing to install leading edge indicators on the stairs;
>
> j. In failing to properly train and supervise its employees.

11. These actions and/or inactions of Defendants and/or its respective officers, agents and/or employees constitute negligence. The negligence of Defendants was a proximate and/or producing cause of Plaintiff's injuries and damages.

**Unseaworthiness**

12. Defendants owed a duty to Plaintiff to maintain the vessel in a seaworthy condition. However, Plaintiff will show that the vessel was unseaworthy and that said

unseaworthiness was a proximate and/or producing cause of Plaintiff's injuries.

13. Plaintiff sustained severe and disabling injuries to his neck, back, shoulder and wrist. The aforesaid injuries occurred as a proximate result of the negligence of Defendants and/or were caused by the unsafe and/or unseaworthy condition of the vessel referenced herein. The aforesaid injuries were caused by the unsafe and/or unseaworthy condition of the vessel referenced herein. The steps were slippery, worn and lacked a skid-proof surface rendering the stairs unfit for the purpose for which they were intended, namely to permit safe ingress and egress. The condition of the stairs was the proximate cause of Plaintiff's fall and subsequent injuries. Defendants knew or should have known of this unsafe condition.

**Maintenance and Cure**

14. Plaintiff would show that on the above-mentioned dates, he was injured while in the course and scope of his employment with Defendants and while serving as an ordinary seaman in the service of the vessel *Specialty Diver I*. Defendants breached their absolute duty to provide Plaintiff with maintenance and cure. As a result of Defendants' unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries, pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action and that he is entitled to reasonable attorney's fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits.

### F. Damages

15. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

    a. Plaintiff has been forced to incur reasonable and necessary medical expenses in

the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

b. Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

c. Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

d. Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

e. Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and

f. Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

g. Plaintiff has found damages in the past and in the future.

h. Plaintiff further seeks recovery of punitive damages under general maritime law.

### G. Jury Demand

16. Plaintiff demands a trial by jury. A jury fee is being paid contemporaneously with the filing of this Petition.

### H. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, after trial on the merits, he have judgment against Defendants, for the following:

- a sum in excess of the minimum jurisdictional limits of this Honorable Court;
- pre-judgment interest thereon at the maximum legal rate;
- post-judgment interest thereon at the maximum legal rate;
- costs of Court; and,
- any and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GORDON, ELIAS & SEELY, L.L.P.

By: /s/ *Steven J. Gordon*
    Steven J. Gordon
    SBN: 08207980
    Louisiana Bar No. 24109
    1811 Bering Drive, Suite 300
    Houston, Texas 77057
    (713) 668-9999 - Telephone
    (713) 668-1980 - Telecopier

ATTORNEY FOR PLAINTIFF